SAMUEL SWISHER *vs.* FITCH & BROWN, use, &c.

Where a garnishee in answer to a summons, states that he had been indebted to
the defendant in the execution, but prior to the garnishment had, at the in-
stance of the defendant, assumed to pay the debt, to another person—held, that
no fraud appearing, the garnishee should be discharged upon his answer.

Where the plaintiff in an execution, having garnisheed a third party as indebted
to the defendant, waives his right to an issue before a jury to inquire into the
true facts of the case, the answer of the garnishee must be taken to be true.

IN error from the Holmes circuit court.

John M. Brown and Morgan L. Fitch suing for the use of
Churchill Southmayd & Co., had on the 24th day of April,
1838, in the circuit court of Holmes county, obtained a judg-
ment against Samuel Swisher for one thousand and forty-two
dollars and eight cents; upon this judgment an execution had
issued and been returned "*nulla bona*," and on the sixth day of
January, 1841, the agent of the plaintiff made an affidavit that
the defendant in the judgment had not in his possession visible
property upon which a levy could be made sufficient to satisfy
the said judgment, and he suggested that John M. Maury and
Henry Swisher were indebted to the said Samuel Swisher, or
had in their hands goods and effects belonging to him; upon
this affidavit, a garnishment issued against said John M. Maury
and Henry Swisher. They appeared and answered the writ.
John M. Maury stated, that about first of May, 1840, he em-
ployed Samuel Swisher to oversee for him at the rate of nine
hundred dollars per year, that in the course of four or six weeks
afterwards, the defendant in the execution stated to him that he
owed several individuals, among the rest his father; that he
preferred paying his father to any of the others, and apprehend-
ing that some creditor might pursue the money in the hands of
his employer, he proposed to him to rescind their first contract
and enter into a new one, binding the garnishee to pay to his
father the amount of his wages when they were due, which was

accordingly done; ever since which period the garnishee considered himself indebted to the father and not to the son ; that the amount then due the father, deducting payments and loss of time by the son, was four hundred and eleven dollars and fifty cents, payable in the currency of the State by contract.

The garnishee further stated that this arrangement was made with the approval of the father; the answer denied further indebtedness.

Henry Swisher's answer denied all indebtedness whatever to Samuel Swisher, and all knowledge of indebtedness on the part of others.

The circuit court took the case under advisement, and on the 27th of October, 1842, rendered judgment discharging Henry Swisher, and against John M. Maury for the amount of four hundred and eleven dollars and fifty cents, disclosed by his answer to be due to Henry Swisher as assignee of Samuel Swisher.

Maury prosecutes this writ of error.

*Wilkinson and Miles,* for plaintiff in error.

A writ of error is prosecuted in this case to reverse the judgment rendered in the court below against Maury, on his answer.

In his answer, Maury distinctly denies any indebtedness to Samuel Swisher. He states, that he had, before the writ of garnishment was served upon him, at the request of Samuel Swisher, agreed to pay the amount of his indebtedness to him, to Henry Swisher, one of Samuel Swisher's creditors.

It was a gratuitous waste of judicial authority to pronounce judgment against Maury. He had by contract bound himself to pay Henry Swisher the amount of his indebtedness to Samuel Swisher. And until it can be shown that a debtor has not the right to appropriate his money in payment of particular debts, or has not the right to prefer one creditor, *bona fide*, to another, we apprehend this court will not take from one of the creditors of Samuel Swisher a fund expressly appropriated to him, and give it to another. In law and morals, abstractly considered, both these creditors stand upon the same ground. The

first, who in point of time, therefore, obtained an appropriation of this fund, is by the law regarded as first in right, and is entitled to priority of payment.

*Counsel* for defendants in error, in reply.

Upon the state of facts, the court below rendered a judgment against Maury for the $411 $\frac{50}{100}$, admitted by his answer to be due by him; from which judgment he has brought his writ of error to this court. It is insisted by the appellees that the judgment of the court below is correct, and must be affirmed with damages. The contract was made by Maury with Samuel Swisher; and he rendered the services, and was entitled to the pay. Maury never made any contract with Henry Swisher, nor was he in any way bound to pay him for Samuel Swisher's services. It was a mere attempt on the part of Samuel Swisher, to protect the fruits of his labor from being reached by his creditors and applied to the payment of his just debts; and Maury shows clearly by his answer, that he was disposed to aid him in concealing his rights. Henry Swisher was no party to the contract, and was entirely ignorant of it—which is proved by the allegation in the answer; that Maury informed him sometime after the alledged alteration-in the contract, that he had agreed to pay him for the services of Samuel Swisher, which he seemed well pleased to hear, and acceded to the same. There was no consideration moving from Henry Swisher, upon which to base a promise by Maury; and Maury was under no obligation to pay Henry Swisher for the services of Samuel Swisher. The answer, it is true, stated that Samuel Swisher stated to him that he was indebted to his father, and preferred paying him to others; but there is no evidence of any such indebtedness. Surely, the bare allegation of Samuel Swisher that he was indebted to his father, cannot protect his effects or rights in action from being reached by his creditors. Maury does not pretend that he has paid anything to Henry Swisher, nor even that he has ever demanded it from him. His promise was to Samuel and not to Henry Swisher; and without the knowledge of Henry; and if anything further was wanting to

show that it was a fraudulent transaction intended merely to cover the property of Samuel Swisher, and prevent its being taken for the payment of his just debts, the payments made by Maury to him are conclusive evidence of the fraudulent transaction. Maury was to pay nine hundred dollars for the year's services; one hundred and fifty dollars was deducted for sickness, loss of time, &c., which left a balance of seven hundred and fifty dollars; the difference between that sum and the $411 $\frac{50}{100}$, which he admits by his answer to be due, ($338 $\frac{50}{100}$,) was paid to Samuel Swisher, without any objection on the part of his father; and the court cannot hesitate to believe that he would have received the balance of the defendant, if Maury had not been garnisheed.

Mr. Justice THATCHER delivered the opinion of the court.

This case is brought here by writ of error to the circuit court of Holmes county.

Fitch & Brown, use, &c., who had obtained a judgment against Samuel Swisher, sued out a summons under the statute against John M. Maury, as garnishee. Maury answered, in substance, that, before the service of summons, he had hired the services of Samuel Swisher for a year, at the rate of nine hundred dollars for that time; that soon after, and before the service of summons, he had agreed to pay the amount of wages to Swisher's father, to whom Swisher said he was indebted, and who acceded to the agreement. He likewise stated, that, from the period of the agreement, he ceased to consider himself indebted to said Samuel Swisher, but to the father only. He stated the amount due from him to the father, to be $411 $\frac{50}{100}$. Upon plaintiff's motion below, for judgment upon the answer, the court gave judgment against Maury, for the aforesaid amount.

We conceive the court below erred widely in this judgment. The statement of Maury shows clearly a special agreement between him and Swisher's father, at the instigation of the son, to pay him the wages due, and to become due to the son. This could be inforced by the father against Maury. Such an agreement once being made, it was not in the power of the son to

revoke it without the father's consent. There is nothing in the circumstances as stated by Maury, to infer fraud in the transaction; and the court have no right to presume it existed. Maury states distinctly, that after the agreement, he ceased to consider himself indebted, or to become indebted to the son on their contract, and that he did consider that he owed and would owe the father. The plaintiffs below having waived their right to an issue before a jury to inquire into the true facts of the case on which the question of fraud, if need was, could have been fully tested, the court was bound to take the answer as embracing the real facts in the case; and upon that, the garnishee was clearly entitled to his discharge.

The judgment below must be reversed; and, as we must give the judgment which the court below should have given, it is directed that the garnishee, the said John M. Maury, be discharged upon his answer.